IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT ANTHONY VINCE,<br>Plaintiff<br><br>v.<br><br>MATTHEW GODLEWSKI, in his individual capacity; JONATHAN KASKEY, in his individual capacity; JOSEPH WOZNIAK, in his individual capacity; JOHN CARLOS RODRIGUEZ, JR., in his individual capacity; ROBERT CAPPARELL, in his individual capacity; JOHN DOE No. 1, in his individual capacity; and JOHN DOE No. 2, in his individual capacity,<br>Defendants | No. 3:24cv902<br><br>(Judge Munley) |

## MEMORANDUM

Plaintiff Vincent Anthony Vince contends that officers from the Wilkes-Barre Township Police Department violated his Fourth, Fifth, and Fourteenth Amendment rights in this action filed pursuant to 42 U.S.C. § 1983 ("Section 1983"). On June 2, 2024, plaintiff filed a complaint naming the officers in their individual capacities. (Doc. 1). Before the court is a motion to dismiss filed by those officers, Defendants Robert Capparell, Matthew Godlewski, Jonathan Kaskey, John Carlos Rodriguez, and Joseph Wozniak, pursuant to Federal Rule

of Civil Procedure 12(b)(6). (Doc. 11). Having been fully briefed, this motion is ripe for disposition.

**Background**

This action arises out of previous court proceedings pursuant to Pennsylvania's Protection from Abuse Act, 23 PA. CONS. STAT. §§ 6101–6122.

Specifically, plaintiff alleges that, on June 3, 2022, the defendant officers approached him at ACT Towing in Wilkes-Barre Township, Luzerne County, Pennsylvania while plaintiff attempted to retrieve his vehicle.[1] (Doc. 1, ¶ 13). Defendants advised plaintiff that they were arresting him for an active arrest warrant for an alleged violation of a Protection from Abuse ("PFA") Order. (Id.)

Plaintiff advised the defendants that the arrest warrant had been dismissed by a judge of the Luzerne County Court of Common Pleas. (Id. ¶ 14). Defendants informed plaintiff that they verified and confirmed the arrest warrant. (Id. ¶ 15). At no time did the defendants show plaintiff the warrant. (Id. ¶ 25).

Plaintiff then contacted his counsel. (Id. ¶ 16). Plaintiff's counsel notified defendants that the arrest warrant had been lifted by the trial court and that he could provide proof later that day. (Id. ¶ 17). Plaintiff's counsel advised the

---

[1] At this stage of the proceedings, the court must accept all factual allegations in the plaintiff's pleadings as true. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(citations omitted). The court makes no determination, however, as to the ultimate veracity of these assertions.

defendants that, in the meantime, they should contact the Luzerne County Prothonotary's Office and/or plaintiff's wife to confirm. (Id. ¶ 18).

Plaintiff alleges that the defendants refused to confirm those details. (Id. ¶ 19). Instead, the defendants arrested the plaintiff, placed him in handcuffs, and advised him of his rights. (Id. ¶ 20). Per the complaint, defendants held the plaintiff in a "hot, unairconditioned vehicle" for 3-4 hours at the tow yard. (Id. ¶ 23). Plaintiff's wife thereafter secured copies of court orders "lifting the capias and stating that the active arrest warrant was null and void."[2] (Id. ¶ 21). After plaintiff's wife appeared with these documents, defendants continued to hold the plaintiff for some time while they made telephone calls. (Id. ¶ 22). Defendants eventually released plaintiff from their custody. (Id. ¶ 23).

Plaintiff alleges that the above events occurred in view of other individuals at ACT Towing. (Id. ¶ 23). As such, plaintiff avers that he experienced trauma and suffered severe emotional distress that requires ongoing treatment with a mental health practitioner. (Id. ¶ 27)

Based on the above allegations, plaintiff's complaint contains four (4) causes of action against all defendants: Count I – Section 1983 claims for false arrest, excessive force, and due process violations; Count II – false arrest; Count

---

[2] A *capias* warrant is Pennsylvania's equivalent to a bench warrant. See Commonwealth v. Proctor, 585 A.2d 454, 457 (Pa. 1991).

III – false imprisonment; and Count IV – intentional infliction of emotional distress. (Id. ¶¶ 28-67). In response to plaintiff's complaint, defendants filed a motion to dismiss for failure to state a claim as to all counts.

**Jurisdiction**

Because this case is brought pursuant to Section 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Legal Standard**

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when factual content is pled that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).

On a motion to dismiss for failure to state a claim, district courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief. See Phillips, 515 F.3d at 233 (citations omitted).

**Analysis**

Defendants raise several arguments in support of dismissal, including that they are entitled to qualified immunity from plaintiff's Section 1983 claims. Prior to addressing qualified immunity, the court must resolve several preliminary matters.

1. **Plaintiff's Section 1983 Claims are Limited to Alleged Violations of His Fourth Amendment Rights by False Arrest**

First, the complaint alleges violations of the plaintiff's Fourth, Fifth, and Fourteenth Amendment rights by municipal police officers. The Fifth Amendment, however, only restricts the actions of federal officials. Nguyen v.

5

...

U.S. Catholic Conf., 719 F.2d 52, 54-55 (3d Cir. 1983) (citing Pub. Util. Comm'n v. Pollak, 343 U.S. 451, 461 (1952). Municipal police officers are not federal officials. Thus, plaintiff's Fifth Amendment claims are subject to dismissal.

As for any Fourteenth Amendment claim, that amendment states, in relevant part: "No State shall. . .deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. amend. XIV, § 1. The Supreme Court of the United States has held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (citation and internal quotation marks omitted). Put another way, "when government behavior is governed by a specific constitutional amendment, due process analysis is inappropriate." Berg v. Cnty. of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000).

Plaintiff's complaint alleges Fourth Amendment violations for false arrest and excessive force. "Although not all actions by police officers are governed by the Fourth Amendment. . .the constitutionality of arrests by state officials is governed by the Fourth Amendment rather than due process analysis." Id. at 268–69; see also Baker v. McCollan, 443 U.S. 137, 142 (1979) (interpreting Section 1983 false imprisonment claim as grounded in Fourth Amendment

rights). The right to be free from the use of excessive force has been recognized under the Fourth Amendment. Anglemeyer, 92 F.4th at 188. Accordingly, plaintiff's Fourteenth Amendment claims are subject to dismissal and only plaintiff's Fourth Amendment claims need be analyzed in this matter.

Additionally, plaintiff's excessive force allegations are threadbare. He does not allege much more than being physically restrained by handcuffs. (Doc. 1, Compl. ¶ 20). He does not allege facts implicating that such handcuffing was unreasonable, unnecessary, or excessive. He does not allege that they were applied too tightly or that officers refused to loosen the cuffs after request. Plaintiff also does not allege which of the five defendant officers used excessive force. Consequently, the complaint does not allege a facially plausible claim against the defendants and the qualified immunity analysis in this case will be limited to plaintiff's Section 1983 claim for false arrest.

## 2. Qualified Immunity

"The purpose of [Section] 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." Wyatt v. Cole, 504 U.S. 158, 161 (1992). "Police officers, embodying the authority of the state, are liable under § 1983 when they violate someone's constitutional rights, unless they are protected by qualified immunity." Curley v. Klem, 499 F.3d 199, 206 (3d Cir.

2007). The doctrine of qualified immunity shields government officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation[.]" Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

"The qualified immunity standard 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter, 502 U.S. at 229 (quoting Malley v. Briggs, 475 U.S. 335, 343 (1986)). Qualified immunity "is an *immunity from suit* rather than a mere defense to liability[.]" Mitchell, 472 U.S. at 526 (emphasis in original). Thus, the defendant officers bear the burden of establishing that they are entitled to qualified immunity. Burns v. Pa. Dep't of Corr., 642 F.3d 163, 176 (3d Cir. 2011)(citing Harlow, 457 U.S. at 819).

The two-part qualified immunity test is well settled. Montemuro v. Jim Thorpe Area Sch. Dist., 99 F.4th 639, 642 (3d Cir. 2024) (citing Anglemeyer v. Ammons, 92 F.4th 184, 188 (3d Cir. 2024)). Under the first prong, a court must decide whether the facts aleged make out a violation of a constitutional right. Pearson v. Callahan, 555 U.S. 223, 232 (2009)(citation omitted). Under the

second prong, "the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Id. (citation omitted).

In considering qualified immunity, the court may address the prongs of this test in any order. Id. at 236. Defendants assert that there are no allegations supporting violation of the plaintiff's rights, focusing on admissions in the complaint that the defendant officers had validated the warrant and released the plaintiff after learning of the error or mistake. The court thus considers whether the allegations in the complaint plausibly make out a violation of plaintiff's Fourth Amendment rights.

Since the Fourth Amendment protects "'[t]he right of the people to be secure in their persons. . .against unreasonable searches and seizures[,]' [a]n arrest. . .qualifies as a 'seizure' of a 'person'. . .and so must be reasonable under the circumstances." Ashcroft v. al-Kidd, 563 U.S. 731, 736 (2011)(citations omitted). To determine Fourth Amendment "reasonableness," courts ask whether, when objectively viewed, the circumstances justify the challenged action. See id. (citations omitted). If so, that action is reasonable regardless of the subjective intent motivating the relevant officials. Id. (citation omitted). Under this reasonableness standard, a seizure "may be permissible even though the justification includes a reasonable factual mistake." Heien v. North Carolina, 574 U.S. 54, 57 (2014).

Plaintiff's complaint is not a model of clarity. What is clear, however, is that plaintiff's arrest occurred against the backdrop of previous proceedings pursuant to Pennsylvania's PFA Act. At first, plaintiff's allegations posit that the defendant officers arrested based upon an active arrest warrant for an alleged violation of a PFA Order. (Doc. 1, Compl. ¶ 13). Plaintiff alleges that he then called his counsel, who was present when the state court judge dismissed or lifted that arrest warrant. (Id. ¶ 16). Plaintiff's counsel advised that he would bring proof later that day. (Id. ¶ 17). Plaintiff's allegations thus implicate facts that he had violated a PFA order and that there were court proceedings involving that violation. (Id. ¶¶ 16-17).

Probable cause for an arrest exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002). To the extent that plaintiff alleges that he was arrested for violating a PFA order, the PFA Act expressly mandates arrests for violations of PFA orders. 23 PA. CONS. STAT. § 6113(a).

Plaintiff's other allegations muddy the waters as to the actual type of warrant that was issued. He alleges that his wife retrieved copies of court orders "lifting the capias and stating that the active arrest warrant was null and void."

10

(Doc. 1, Compl. ¶ 21). This allegation implicates that plaintiff had been charged with indirect criminal contempt of a PFA order and failed to appear at a hearing, which then prompted a judge of the Luzerne County Court of Common Pleas to issue a bench warrant (or *capias* warrant). See 23 PA. CONS. STAT. § 6114.

"The simple fact of nonappearance provide[s] the government with probable cause to apply for a bench warrant.... The authority of a court to issue bench warrants to arrest [persons] who fail to appear is, in fact, unquestioned." In re Grand Jury Proceedings Harrisburg Grand Jury 79-1, 658 F.2d 211, 214 (3d Cir. 1981). "Because [the plaintiff] was named in a bench warrant, probable cause for his arrest exists, and his Fourth Amendment argument fails even if the bench warrant later turns out to be invalid." Tucker v. City of Philadelphia, 679 F. Supp. 3d 127, 138 (D.N.J. 2023)(citing U.S. v. Smith, 468 F.2d 381 (3d Cir. 1972); U.S. v. Spencer, 684 F.2d 220, 223 (2d Cir. 1982); Carter v. Baltimore County, 95 Fed. App'x. 471, 479 (4th Cir. 2004) (non-precedential opinion)).

Per plaintiff, the defendant officers arrested him with representations that there was an active capias, bench warrant, or arrest warrant and that they had confirmed it was still active. (Id. ¶¶ 13, 15). The defendant officers also made additional phone calls after plaintiff's wife arrived at the tow yard with copies of contrary court orders before releasing the plaintiff. (Id. ¶¶ 22-23).

"The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Pearson, 555 U.S. at 231 (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004)(Kennedy J., dissenting)(further citation and explanatory parenthetical omitted). Consequently, for his part, plaintiff has only averred facts positing that the defendant officers had reasonably trustworthy information to arrest the plaintiff. As alleged, after reasonable diligence following plaintiff's arrest, which included confirming contrary information provided by plaintiff's wife, the officers determined that they did not have probable cause to the arrest the plaintiff. Plaintiff has thus averred reasonably mistaken probable cause on the part of the officers. In light of the facts pled in the complaint, they enjoy qualified immunity from plaintiff's Section 1983 claim for false arrest.

### 3. Leave to Amend

As noted above, plaintiff's Section 1983 excessive force claim is subject to dismissal. Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend, unless amendment would be inequitable or futile. See Phillips, 515 F.3d at 245 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002)). Plaintiff is represented by the same counsel in this action as who communicated with the

officers on scene. As alleged, plaintiff's counsel also intervened by getting plaintiff's wife to retrieve documents from the Luzerne County Courthouse. Accordingly, due to this involvement, if plaintiff had facts plausibly stating that the defendant officers used excessive physical force, he would have placed those allegations in the initial complaint. Leave to amend in this instance would thus be futile.

### 4. State Law Claims

Defendants also move to dismiss plaintiff's state law claims for false arrest, false imprisonment, intentional infliction of emotional distress. The law provides that federal courts should not entertain pendent state law claims when federal causes of action are dismissed. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction…if – …the district court has dismissed all claims over which it has original jurisdiction."). The court will decline to exercise supplemental jurisdiction in this matter. The plaintiff's state law claims will therefore be dismissed without prejudice.

**Conclusion**

For the reasons set forth above, the defendants' motion to dismiss will be granted as to plaintiff's Section 1983 claims in Count I without leave to amend. The court declines to exercise supplemental jurisdiction over plaintiff's state law

claims in Counts II-IV. Thus, plaintiff's state law claims will be dismissed without prejudice. The Clerk of Court will be directed to close this case. An appropriate order follows.

Date: 3/21/25

JUDGE JULIA K. MUNLEY
United States District Court